UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOLAN RYAN,

        Petitioner,        Case No. 1:13-cv-649

v.        Honorable Gordon J. Quist

DANIEL H. HEYNS,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought pursuant to 28 U.S.C. § 2254. On May 30, 2012, Petitioner Nolan Ryan pleaded guilty to one count of manufacturing marijuana, MICH. COMP. LAWS § 333.7401(2)(d)(iii), in Kalamazoo County Circuit Court. In exchange for Petitioner's plea, the prosecutor agreed to dismiss a second count, delivery of marijuana, recommend probation, remain silent regarding the imposition of jail time, and recommend treatment under the Holmes Youthful Trainee Act. (Plea Tr., ECF No. 10.) Petitioner was twenty-years-old at the time of his plea. On July 23, 2012, Petitioner was sentenced to twelve months probation under the Holmes Youthful Trainee Act, MICH. COMP. LAWS § 762.11 *et seq.*, and two days incarceration in the Kalamazoo County Jail.[1]

Petitioner is a Canadian citizen. (Aff. of Nolan Ryan, ECF No. 1-10.) Six months after beginning his period of probation, Petitioner was taken into custody by the United States Department of Immigration and eventually was ordered removed from the United States to Canada because of the Kalamazoo County criminal proceedings. (Order, ECF No. 1-7.) Petitioner filed a

---

[1] Petitioner was then given credit for the two days he had already served. (Sentencing Tr., ECF No. 11.)

motion for relief from judgment under MICH. CT. R. 6.500 et seq., in the Kalamazoo County Circuit Court seeking to withdraw his plea because of ineffective assistance of counsel. Petitioner contended, and it is apparently undisputed, that his counsel never advised him of the immigration consequences of his plea. (Aff. of Attorney Peter Sudnick, ECF No. 1-5; Aff. of Nolan Ryan, ECF No. 1-10.) The trial court acknowledged that counsel's performance was deficient because counsel failed to advise Petitioner of the immigration consequences of the plea. (Motion Tr., ECF No. 12 at 10.) Nonetheless, the court concluded that Petitioner had suffered no prejudice because of the following exchange at the plea hearing:

> THE COURT: If you are not a U.S. citizen and you plead guilty to this charge, the federal government can take action against your immigration status and deport you. Do you understand that?
>
> DEFENDANT: Yes.

(Plea Tr., ECF No. 10 at 6; Mot. Tr., ECF No. 12 at 12.) Petitioner sought leave to appeal and immediate consideration from the Michigan Court of Appeals and the Michigan Supreme Court. Both courts granted immediate consideration, but denied leave to appeal. (April 16, 2013 Mich. Ct. App. Ord., ECF No. 13; May 17, 2013 Mich. Ord., ECF No. 14.)

In his petition, filed on June 6, 2013, while Petitioner was still on probation, Petitioner raises two issues:

> I. THE TRIAL COURT'S RULING THAT A JUDICIAL WARNING DURING A PLEA COLLOQUY NEGATES THE DEFENSE COUNSEL'S AFFIRMATIVE DUTY ESTABLISHED BY *PADILLA V. KENTUCKY*, 559 U.S. 356, 130 S.CT. 1473 (2010) IS CONTRARY TO, OR AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW.
>
> II. PETITIONER IS IN CUSTODY IN VIOLATION OF THE UNITED STATES CONSTITUTION WHERE HIS DEFENSE COUNSEL FAILED TO ADVISE PETITIONER THAT HIS PLEA WOULD RESULT IN HIS REMOVAL FROM THE UNITED STATES AND AS A RESULT PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL

>     AND HIS PLEA WAS INVOLUNTARY IN VIOLATION OF THE SIXTH
>     AND 14TH AMENDMENTS TO THE UNITED STATES
>     CONSTITUTION.

(Mem. in Support of Pet., ECF No. 1, Page ID.8.) Petitioner presented both issues in the briefs he filed in the Michigan courts.[2]

On January 6, 2014, Respondent filed an answer to the petition. (ECF No. 7.) On January 15, 2014, Respondent filed the state-court record, pursuant to Rule 5, RULES GOVERNING § 2254 CASES. (ECF Nos. 8-17.)

Upon review and applying the AEDPA standards, the Court finds that all habeas grounds are meritless. Accordingly, the Court will deny the petition.

## Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court

---

[2] Petitioner's counsel separates the state courts' misapplication of *Padilla* from the contention that counsel was ineffective in the petition even though the arguments were merged into one issue in the state courts. There is no question, however, that Petitioner argued his first point in the state courts. (Appl. for Leave to Appeal, ECF No. 14.) Respondent's contention that Petitioner procedurally defaulted his first issue has no merit.

proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a

prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

## **Discussion**

### I. The validity of Petitioner's guilty plea

It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267. A plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969). Petitioner's claim does not challenge the power of the state to bring him into court. Thus, the only means available for challenging his conviction is to claim that his plea is invalid, i.e., it was not knowingly and voluntarily entered into. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well-settled that

a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.").

The test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it," *Brady v. United States*, 397 U.S. 742, 749 (1970), and may consider such factors as whether there is evidence of factual guilt. While courts may consider whether a factual basis for a guilty plea exists in their assessments of its validity, it has generally been held that the Constitution does not require that they ensure such a basis exists. *See Higgason v. Clark,* 984 F. 2d 203, 208 (7th Cir. 1993) (quoting *Alford*, 400 U.S. at 31) ("Strong evidence of guilt may suffice to sustain a conviction on an *Alford* plea, and may be essential under FED. R. CRIM. P. 11, but it is not necessary to comply with the Constitution."); *see also Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000); *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983); *Thundershield v. Solem*, 565 F.2d 1018 (8th Cir.1977); *Edwards v. Garrison*, 529 F.2d 1374, 1376 (4th Cir.1975); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir. 1971).

In order to find a guilty plea constitutionally valid, several requirements must be met. The defendant pleading guilty must be competent, *see Brady*, 397 U.S. at 756, and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state- induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. *Brady*, 397 U.S. at 750; *Machibroda v.*

*United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Finally, the defendant must have available the advice of competent counsel. *Tollett*, 411 U.S. at 267-68; *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel will render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56-57.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Regarding the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Id.* In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient performance affected the outcome of the plea process. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

Petitioner claims his counsel rendered ineffective assistance such that his plea was neither voluntary nor knowing. Specifically, Petitioner claims that his counsel failed to advise him of the collateral consequences of the plea on Petitioner's immigration status.

In *Padilla v. Kentucky*, 559 U.S. 356 (2010), the Supreme Court held that significant collateral consequences, like direct consequences, may provide a successful basis to challenge a plea. *Id.* at 365 ("We, however, have never applied a distinction between direct and collateral consequences to define the scope of constitutionally 'reasonable professional assistance' required under *Strickland*, 466 U.S. at 689.") The *Padilla* Court held that the failure to advise a defendant of the clear deportation consequences of his conviction falls below the objective standard of reasonableness required by *Strickland*. *Id.* at 374. In order to be entitled to relief, the petitioner must persuade the courts that, knowing the consequences, he would have chosen to give up his bargain and proceed to trial. *Id.* at 369, 372.

However, under Sixth Circuit authority, while counsel's misadvice about the collateral deportation consequence of pleading guilty meets the first prong of the *Strickland* standard, a defendant cannot always show prejudice:

> To prevail, he must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). "The test is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)).

*Lee v. United States*, 825 F.3d 311, 313 (6th Cir. 2016), *cert. granted* 137 S. Ct. 614 (2016). The Sixth Circuit concluded that *Lee* had failed to demonstrate that a decision to reject the plea bargain would have been rational:

> [A]side from the off chance of jury nullification or the like, Lee stood to gain nothing from going to trial but more prison time. On the other hand, for those such as Lee who have made this country their home for decades, deportation is a very severe consequence, "the equivalent of banishment or exile," as the Supreme Court memorably put it. *Delgadillo v. Carmichael*, 332 U.S. 388, 391, 68 S.Ct. 10, 92 L.Ed. 17 (1947). As a factual matter, we do not doubt Lee's contention that many defendants in his position, had they received accurate advice from counsel, would have decided to risk a longer prison sentence in order to take their chances at trial, slim though they were.
>
> But would such a decision be "rational"? Several courts, including this circuit, have said "no": being denied the chance to throw "a Hail Mary" at trial does not by itself amount to prejudice. *See Pilla*, 668 F.3d at 373; *Haddad v. United States*, 486 F. App'x. 517, 521–22 (6th Cir. 2012); *see also, e.g., Kovacs v. United States*, 744 F.3d 44, 52–53 (2d Cir. 2014); *United States v. Akinsade*, 686 F.3d 248, 255–56 (4th Cir. 2012); *United States v. Kayode*, 777 F.3d 719, 724–29 (5th Cir. 2014).

*Lee*, 825 F.3d at 313-314.[3]

*Lee*, *Pilla*, and *Haddad*, all share a common element: there was strong evidence of each defendant's guilt. *Lee*, 825 F.3d at 314; *Pilla*, 668 F. 3d at 373; *Haddad*, 486 F. App'x at 521. Other than Petitioner's plea, there is nothing in the record before the Court that would permit an assessment of the strength of the evidence against him. Certainly, the plea bargain appeared to offer

---

[3]The *Lee* court acknowledged the existence of a circuit split on whether the denial of a "Hail Mary" chance at trial constitutes prejudice. *Lee*, 825 F.3d at 314.

significant benefit to Petitioner. Facing two felony drug counts, each with a potential four-year sentence of imprisonment, Petitioner walked away with a year of probation and no record of conviction.[4] Nonetheless, without some indication of the strength of the evidence against Petitioner, it is difficult to evaluate the objective advisability of the plea.

Here, however, the Court need not guess whether Petitioner would have proceeded to trial instead of pleading guilty if he had only known of the collateral consequences on his immigration status. Petitioner knew those consequences and pleaded guilty anyway. The trial court informed Petitioner that if he pleaded guilty the federal government could deport him. (Plea Tr., ECF No. 10 at 6.) Petitioner acknowledged he understood that and then proceeded to enter his plea. (*Id*.) Petitioner's self-serving averment that "[h]ad [he] known that offering a guilty plea to a felony under these circumstances would possibly trigger deportation proceedings, [he] never would have offered a guilty plea to a felony[,]" is unconvincing. (Aff. of Nolan Ryan, ECF No. 1-10.) Where a defendant indicates on the record that he understands the specific consequences of his plea, he is "'bound by his statements[.]'" *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).[5] To hold otherwise would "[render] the plea

---

[4]The Holmes Youthful Trainee Act "give[s] youthful offenders a chance to wipe their records clean . . . ." *Adams v. United States*, 622 F.3d 608, 611 (6th Cir. 2010).

[5]Several courts applying *Padilla* have reached that conclusion. *See Abraham v. United States*, 699 F.3d 1050, 1053 (8th Cir. 2012) ("Abraham's revised PSR clearly indicated his offense rendered him deportable. Abraham accepted this PSR without objection . . . Thus, there is no 'reasonable probability that . . . the result of the proceeding would have been different" had Abraham's attorney advised him of the immigration consequences of pleading guilty."); *Jiminez v. Holder*, 535 F. App'x 601, 602 (9th Cir. 2013) ("Moreover, Jiminez cannot demonstrate prejudice because she was informed of the possible immigration consequences by the plea agreement and at the plea colloquy."); *Valdes v. United States*, 503 F. App'x 941, 942 (11th Cir. 2013) ("The district court at the plea hearing, and the presentence investigation report ("PSI") prepared for sentencing, informed Valdes of the immigration consequences of his plea, yet he persisted in pleading guilty. These circumstances thus belie the statement in his affidavit that he would have proceeded to trial had his attorney advised him of the consequences of his plea."); *but see Marroquin v. United States*, 480 F. App'x 294, 301-302 (5th Cir. 2012) (J. Dennis concurring) ("It seems to me obvious that no last minute, one-size-fits-all judicial warning can adequately serve as a surrogate for effective counsel during the plea bargaining process. It is simply too little, too late.").

process meaningless . . . ." *Id.* Indeed, "the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before" the Court. *Id.*

Under these circumstances, the state court's determination that Petitioner had failed to demonstrate that his counsel's deficient performance caused Petitioner prejudice is not an unreasonable application of *Padilla*, *Strickland*, or *Hill*, the clearly established federal law on this issue.[6] Moreover, the state court's determinations of fact regarding Petitioner's knowledge at the plea hearing is reasonable on this record. Accordingly, Petitioner has failed to establish entitlement to habeas relief.

## Conclusion

In light of the foregoing, the Court will deny Petitioner's application because his petition fails to present a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the

---

[6]The fact that certain circuit courts, but not the Sixth Circuit Court, have suggested that statements during a plea colloquy may be insufficient to overcome a counsel's failure to inform a defendant regarding immigration consequences of a plea does not constitute clearly established federal law for purposes of habeas review. 28 U.S.C. § 2254(d)(1).

certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's denial of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: March 13, 2017              /s/ Gordon J. Quist
                                   GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE